IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH MCINERNEY,<br><br>            Plaintiff,<br><br>     v.<br><br>CITY OF SAN JOSE, et al.,<br><br>            Defendants.<br>_____/ | No. 11-03018 CW<br><br>ORDER GRANTING APPLICATION TO PROCEED IN FORMA PAUPERIS, DISMISSING COMPLAINT AND DENYING AS MOOT MOTION FOR EXTENSION OF TIME TO SERVE DEFENDANTS |

Plaintiff Joseph McInerney applies for leave to proceed in forma pauperis (IFP) and an extension of time to serve Defendants. The matter was decided on the papers. Having considered all of the papers filed by Plaintiff, the Court grants the application to proceed IFP, dismisses the complaint and denies as moot the motion for an extension of time to serve Defendants.

DISCUSSION

A court may authorize a plaintiff to prosecute an action in federal court without prepayment of fees or security if the plaintiff submits an affidavit showing that he or she is unable to pay such fees or provide such security. See 28 U.S.C. § 1915(a). Plaintiff has submitted the required documentation, and it is evident from his application that his assets and income are

insufficient to enable him to prosecute the action.  Accordingly, his application to proceed without the payment of the filing fee is GRANTED.

The Court's grant of Plaintiff's application to proceed IFP, however, does not mean that he may continue to prosecute his complaint.  A court is under a continuing duty to dismiss a case filed without the payment of the filing fee whenever it determines that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2)(B)(i)-(iii).  Because a dismissal pursuant to § 1915(e)(2)(B) is not a dismissal on the merits, but rather an exercise of the court's discretion under the IFP statute, the dismissal does not prejudice the filing of a paid complaint making the same allegations.  <u>Denton v. Hernandez</u>, 504 U.S. 25, 32 (1992).

Plaintiff names many Defendants, such as the City of San Jose, the City and County of San Francisco, the Tides Center, the Dish, the John Stewart Company, Northern California Presbyterian Homes and Services, Silicon Valley Real Estate Investment, Walgreens, and several individuals.  Plaintiff makes the following allegations. Defendants illegally obtained Plaintiff's medical records from the San Francisco Community Mental Health Services to frame him as a mentally disordered sex offender so that they could incarcerate him in Atascadero State Hospital for the criminally insane. Plaintiff's false diagnosis as a mentally disordered sex offender was incorporated into a counterfeit web site maintained by Defendants as part of a campaign to maintain illegal video

2

surveillance of Plaintiff in his last three residences.  Defendants doctored the photographs to make Plaintiff's activities in his residences appear to be taking place in public.  Defendants published this slanderous material to Lucasfilm and its attorney, David Anderman, who re-published it to agents of the Federal Bureau of Investigation.  Defendants employed people to impersonate Plaintiff in order to impede Plaintiff's chances of being employed by Lucasfilm and to frame Plaintiff for fraud, perjury and tax evasion, after attempting to frame him for putting pornographic pictures of himself on a web site accessible to minors on MySpace.com.

Defendants hired the John Stewart Company to install a surveillance camera in Plaintiff's unit in the LeNain Hotel and solicited the Tides Center, Dish, Shawn Hughes and Does 50 through 151 to continue the illegal surveillance.  Defendant Northern California Presbyterian Homes also cooperated and assisted in the installation of cameras in Plaintiff's apartment unit.

Based on these allegations, Plaintiff asserts causes of action for violation of 42 U.S.C. §§ 1981 through 1983, 1985, 1986 and 1988.  He also asserts state law claims of invasion of privacy, conspiracy to defame, violation of government records, conspiracy to falsely impersonate Plaintiff, identity theft, negligence, intentional infliction of emotional distress, fraud, unlawful searches and seizures, and violation of the First, Fourth, Fifth, and Eighth Amendments to the United States Constitution.  Plaintiff seeks a restraining order against Defendants enjoining them from reproducing, distributing or showing photographs of Plaintiff and

requiring them to return the photographs to him along with his medical records. He also seeks punitive, exemplary and statutory damages for each publication.

Even interpreted liberally, Plaintiff's allegations do not state a claim upon which relief can be granted. Therefore, his complaint is dismissed without prejudice to filing as a paid complaint. Plaintiff's motion for an extension of time to serve Defendants is denied as moot.

IT IS SO ORDERED.

Dated: 10/19/2011

CLAUDIA WILKEN
United States District Judge

UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF CALIFORNIA

JOSEPH MCINERNEY et al,

        Plaintiff,

v.

CITY OF SAN JOSE et al,

        Defendant.

Case Number: CV11-03018 CW

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on October 19, 2011, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Joseph McInerney
60 North Third Street #301
San Jose, CA 95112

Dated: October 19, 2011

Richard W. Wieking, Clerk
By: Nikki Riley, Deputy Clerk

5